# In the United States Court of Federal Claims

No. 16-1481C
(Filed April 20, 2017)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * *
                                          *
                                          *
                                          *
CARGO TRANSPORT SYSTEMS                   *
COMPANY,                                  *
                                          *
            Plaintiff,                    *
      v.                                  *
                                          *
THE UNITED STATES,                        *
                                          *
            Defendant,                    *
                                          *
      and                                 *
                                          *
KGL TRANSPORTATION                        *
COMPANY K.S.C.C.,                         *
                                          *
            Defendant-intervenor.         *
                                          *
                                          *
* * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

For the reasons stated on the record during the April 18, 2017 status conference, the cross-motions for judgment on the administrative record of defendant and defendant-intervenor are **GRANTED**, and plaintiff's motions for judgment on the administrative record and for leave to file a supplemental complaint are **DENIED**. In sum, the Court found that plaintiff waived any challenge to the rationality of the initial, negative responsibility determination by not raising it prior to either the submission of revised proposals or the award decision. *See Comint Sys. Corp. v. United States*, 700 F.3d 1377, 1381–82 (Fed. Cir. 2012); *Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308, 1314 (Fed. Cir. 2007); *NVE, Inc. v. United States*, 121 Fed. Cl. 169, 173, 179 (2015). Under the Lowest Price Technically Acceptable procurement scheme followed by the agency, plaintiff should have known that the negative responsibility determination was all that stood between it and the contract award, making the case indistinguishable from those recognizing that a challenge to a procurement decision ripens when the

decision forces an awardee or proposed awardee to compete a second time for the award. *See, e.g., Sys. Appl'n & Techs., Inc. v. United States*, 691 F.3d 1374, 1382-85 (Fed. Cir. 2012). The Court denied the motion for leave to file a supplemental complaint on the ground of futility, as it was not reasonable to infer from any of the documents submitted by plaintiff that defendant-intervenor made material misrepresentations in its response to an evaluation notice. *See Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354–55 (Fed. Cir. 2006).

The Clerk shall enter judgment for defendant and defendant-intervenor.

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge